PjBAñSON, C. J.
In support of the plea u nul tiel record the defendant takes three grounds.' This Court is of opinion that neither is tenable. 1. “ The Judge had no power to authorize a Justice of the Peace to take the recog-nizanee." .
When a Judge, in a proceeding initiated before him, adjudicates that-the party is entitled- to be discharged on giving bail, and fixes the amount, it has long been the practice in this State, if the party be not prepared with sureties, for the Judge t§ authorize one or more Justices of the Peace, named by him, to take the recognizance ; anil recognizances so taken have - heretofore, as far back as the memory of the members of this Court extend#, always been deemed valid. This practice has prevailed so long, and is so obviously for the ease of the citizen, that we would not he justified in now putting a stop to it,uinless satisfied that it is in violation of some important principles of law. It is true, a judicial function cannot he delegated : but after the Judge has decided that the party is entitled to he discharged on giving hail, and has fixed the amount, all of the questions presented by the proceedings, are- disposed of, and nothing remains to he done but to carry the adjudication into execution ; and there is no reason why the Judge may not authorize a Justice of the Peace to do it; for 'all he has to . do is to pass on the sufficiency of the surety, and to attest the *76 fact that the recognizance-is entered into.. The former involvss no question of law, but it is a matter of fact, which may be ascertained by one man, who is authorized to administer an oath*as srell as another, and,although in strictness it may be .deemed an act of a judicial nature, it affords rather a technical, than a' substantial objection to the practice. The latter is a mere ministerial act, which requires no exercise of judgment, either in respect to a matter of laiv, or of feet; and is done by hearing the recognizance, and mating- and- attesting a “minute” or memorandum, by which a formal recognizance may be'af-terwards drawn up, for instance: <e A B recognized in $1800 to appear at “ C D recognized as surety in .a like sum.” In State vs. Hill, 3 Ire., 398, Judge Ruffin sanctions the practice, and intimates an .opinion that it may he .supported on the ground that a Justice of the Peace has power, virf-ule officii, to take recognizances; and the effect‘of the order of thc'JuSgfe is simply to enable the Justice to obtain control -of the body, which he could not otherwise do, having no power to issue a writ of habeas corpus. So, the authority conferred by the Judge, is not a delegation ©f a judicial function,'but the substitution of one judicial officer in place of another, in respect to a minor part of the proceeding, the main questions' having been disposed of.
2. “ The ^ Judge made no adjudication allowing the prisoner to give hail,'and no order authorizing the Justice of the Peace to take the recognizance.”
It is true, an adjudication that the prisoner is entitled to be discharged on giving bail, is not formally set out, and there is no formal order authorizing the justices to take tfhe recognizance.. But these things are done in substance, and all errors are waived by consent. The facts *77 ar6 — tbe petitien is filed, and tbe Judge deeides that tbe writ .should issue ; and for this purpose signs his name officially, and directs the formal words to be inserted,‘and the writ to issue, if necessary ; bnt-for the sake of saving' “ expense and trouble,’’ with the consent of the Solicitor for the State, he expresses Ms opinion, that on the facts stated, the petitioners are entitled to be discharged oa giving bail for. their appearance^ fixes the amount at $2000 for ea»h. and suggests that the recognizance be taken by two Justices of the Pease, whom ho names, without the formality of a writ. This- suggestion is accepted and acted on. The Justices named treat the matter as if the Judge.had allowed the prisoners to giv^bail, and authorized them .to take it. This is done, with the consent of the Solicitor, and of the prisoner, and of the defendant, who was offered ag surety, and they admit under their hands and seals, that, “ upon application to the Judge, he had ordered that tha prisoners be alloioed bail in the 'sum of $2,000 each, and had authorized the two Justices to take the recognizance,” which is done, and the prisoners thereupon discharged. .
There is force in the suggestion that on the authority of Iredell vs. Barbee, 9 Ired., 250, and United States vs. — 2 Breckenborough, 115, these admissions made-in a solemn manner, and acted on tor the-benefit of the prisoners, amount to an estoppel, and conclude the parties from gainsaying the matters admitted. Ijtowever this may be, it is'clcar that if the admissions uo. not'operate by way of estoppel they constitute plenary evidence of consent to “ waive all errors,” and dispense with all parts of tbe proceeding preliminary to taking the recognizance, which it was fin the power of the parties to dispense with.
*78 It is true, ‘'‘'consent cannot confer jurisdiction;” but we are of opinion that the jurisdiction of the Judge attached, and the proceeding was regularly constituted before him, by filing the petition ; and all errors of form could be waived, and all- formal parts of the proceeding be dispensed with, by consent. 'For instance, if the parties consent that the body need not be produced, and, on tbe return, setting out “the cause of detention,” the Judg'e disposes of the question, his ruling-is binding. This shows that, after the proceeding, is regularly constituted, the parties may, by consent, treat.tbe production of tbe body as a matter of form, and dispense with it, although it is usually the most important part of the proceeding ; and the Judge cannot dispose of the.matter, unless the body is produced, or considered as present., by consent, and error- waived.
So, after the petition, is filed, if the parties submit the questions on a “ case agreed,” waiving, by consent, the necessity for issuing a writ, 1 apprehend the ruling would he binding; for the purpose of she writ is, simply, to compel the production of the body, together with the cause of detention ; and if that purpose l>« answered, the writ may be treated as matter of form, ami waiyed by consent. Our case is stronger — for the Judge signed Iris name officially, with directions, to insert the formal words ; and the writ, so far as his action was concerned/ had issued, and further proceedings on it were dispensed with by consent.
It is also*fcrue that it was irregular for-the -1 udge to. give.his opinion that, on the facts stated, the prisoners were entitled to be discharged on giving bail, and to fix the amount and name the Justices of the Peace, before and in anticipation of the consent of the prisoners to waive errors and dispense with formal proceedings; but, as this *79 coifsent was afterwards, while the proceeding was pending, given in the fullest manner, the irregularity wa» cured ; and it would have been an idle form for the Judge to repeat his opinion, and to state the amount of the bail, and-name the Justices of the Peaco a second time.-
3. “The recognizance is not in due form, and was not-taken as authorised bjj the Judge.”
. We stated, under the first head, what is necessary in order to take a recognizance..
Those requisites are complied w-ith. The signing and sealing, by the prisoners and the defendant, were not necessary to give validity to the recognizance ; but, in respect to that, it does no harm; and in respect,to the consent to waire errors, &c., we have seen, under the second head, that it had a very important bearing.
Whether the defendant can be made to pay more than one sum of $2,000, by a proper construction of the instrument, is a question not presented in this case.
There is error. Judgment reversed and judgment for the State according to wire facias.